

FILED
JAN -4 2016
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| DAVID CASAMASSA and <br> MARIA CASAMASSA <br><br> Plaintiffs, <br><br> v. <br><br> NAVIENT SOLUTIONS, INC. <br> f/k/a Sallie Mae, <br><br> Defendant. | Case No.: 1:16cv5 JCC/IDD <br><br> PLAINTIFF'S VERIFIED COMPLAINT <br> AND DEMAND FOR JURY TRIAL |

NOW COMES Plaintiffs, David Casamassa and Maria Casamassa ("Plaintiffs"), by and through their attorneys, Krohn & Moss, Ltd., for their Verified Complaint against Defendant, Navient Solutions, Inc. f/k/a Sallie Mae ("Defendant"), allege as follows:

### Nature of the Action

1. This action is brought by Plaintiffs pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* ("TCPA").

### Parties

2. Plaintiff David Casamassa is a natural person residing in Mount Sinai, Suffolk County, New York.

3. Plaintiff Maria Casamassa is a natural person residing in Mount Sinai, Suffolk County, New York.

4. Plaintiffs are allegedly obligated to pay a debt and is a consumer as defined by 15 U.S.C. § 1692a(3).

5. Defendant is a company conducting business in the state of Virginia.

6. Defendant is a business entity incorporated in Delaware with an office located at 2001 Edmund Halley Dr., Reston, Virginia 20190.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## Jurisdiction and Venue

8. Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

9. Because Defendant conducts business in Virginia, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as the conduct giving rise to this action occurred in this district as Defendant transacts business in this district.

## Factual Allegations

11. Plaintiff Maria Casamassa co-signed on a loan with Defendant for her son David Casamassa.

12. In 2015, Defendant began calling (631) 466-01xx, David's cellular telephone and (631) 833-43xx, Maria's cell phone.

13. The purpose of Defendant's calls was to collect a debt.

14. These calls were for a non-emergency purpose.

15. Upon information and good faith belief, based on the frequency, number, nature and character of these calls, Defendant placed them by using an automatic telephone dialing system.

16. On or about January 15, 2015 at about 11:28 a.m., Plaintiff David Casamassa instructed Defendant, through its employee, representative or agent "Kelsey", to stop calling him.

17. Plaintiff David Casamassa revoked any consent, express or otherwise, for Defendant to use an automatic telephone dialing system to call his cell phone.

18. Defendant continued to use an automatic telephone dialing system to call Plaintiff David Casamassa's cell phone.

19. Between January 23 and September 30, 2015, Defendant used an automatic telephone dialing system to call Plaintiff's cellular telephone at least three hundred ninety (390) times.

20. On or about February 11, 2015, at approximately 4:05 p.m., Plaintiff Maria Casamassa instructed Defendant, through its employee, representative or agent "Ken", to stop calling her.

21. On or about February 12, 2015, at approximately 4:06 p.m., Plaintiff Maria Casamassa instructed Defendant, through its employee, representative or agent "Christ", to stop calling her.

22. Plaintiff Maria Casamassa revoked any consent, express or otherwise, for Defendant to use an automatic telephone dialing system to call her cell phone.

23. Defendant continued to use an automatic telephone dialing system to call Plaintiff Maria Casamassa's cell phone.

24. Between February 11, 2015 and September 21, 2015, Defendant used an automatic telephone dialing system to call Plaintiff Maria Casamassa's cellular telephone at least two hundred thirty-three (233) times.

25. Defendant willfully and voluntarily used an automatic telephone dialing system to place these calls.

26. Defendant intended to use an automatic telephone dialing system to place these calls.

27. Defendant did not have Plaintiffs' express consent to use an automatic telephone dialing system to place these calls.

## CLAIM FOR RELIEF

28. Defendant's action alleged *supra* constitute numerous negligent violations of the TCPA, entitling Plaintiffs to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

29. Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violations of the TCPA, entitling Plaintiffs to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendant for the following:

(1) Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

(2) Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

(3) All court costs, witness fess and other fees incurred;

(4) Any other relief that this Honorable Court deems appropriate.

Dated: December _, 2015

RESPECTFULLY SUBMITTED,

By: _____
Jason L. Hamlin
The Law Offices of Jason L. Hamlin, PLLC
228 Old Drive
Chesapeake, Virginia 23322
757-816-4465
jasonhamlinlaw@gmail.com

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiffs, David Casamassa and Maria Casamassa, hereby demand a jury trial in this matter.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF NEW YORK

Plaintiff, DAVID CASAMASSA, states the following:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, DAVID CASAMASSA, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

11/14/15
Date

DAVID CASAMASSA